IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02018-GPG

ABDULLAHI HAMU JARA,

    Plaintiff,

v.

STANDARD PARKING, and
TEAMSTER LOCAL 455,

    Defendants.

ORDER TO DRAW CASE

    Plaintiff, Abdullahi Hamu Jara, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1). On September 23, 2015, the court ordered Mr. Jara to show cause why the Title VII Complaint should not be dismissed for failure to exhaust administrative remedies. On October 22, 2015, Mr. Jara filed an Amended Title VII Complaint (ECF No. 7) and Plaintiff's Response to Order to Show Cause (ECF No. 8). The court must construe the papers filed by Mr. Jara liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Jara alleges that he was discriminated against by Standard Parking from 2012 until his termination in May 2014 on the basis of race, color, religion, and in retaliation for complaints of disparate treatment. He also claims he was discriminated against by

Teamsters Local 455 because the union failed to represent him in his grievances against Standard Parking.   In the original Title VII Complaint Mr. Jara only asserted claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.   In the Amended Title VII Complaint Mr. Jara asserts claims pursuant to Title VII as well as 42 U.S.C. § 1981.   There is no exhaustion requirement for a § 1981 claim.   *See Johnson v. Railway Express Agency*, 421 U.S. 454, 460 (1975).

As noted above, the court ordered Mr. Jara to show cause why the Title VII claims should not be dismissed for failure to exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC").   Mr. Jara attached to his original complaint documentation that demonstrates he filed a charge of discrimination with the EEOC against Standard Parking that was dismissed as untimely on June 19, 2015.   (*See* ECF No. 1 at 21-23.)   Mr. Jara also has submitted to the Court documentation that demonstrates he filed a charge of discrimination with the EEOC against Teamsters Local 455 that was dismissed as untimely on August 22, 2015.   (See ECF No. 9 at 2-3.)   He argues, however, that the Title VII claims should not be dismissed for failure to exhaust because he initially filed a complaint with the National Labor Relations Board and he did not know until June 2015 that he was required to exhaust administrative remedies with the EEOC.

"It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."   *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).   Thus, "a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff

has received a right-to-sue letter." *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (internal quotation marks omitted). However, "the timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court;" instead, "it is best likened to a statute of limitations . . . subject to waiver, estoppel and equitable tolling." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998).

The court will not resolve at this time the merits of Mr. Jara's equitable tolling argument. Instead, the order to show cause will be discharged and the case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the Order to Show Cause (ECF No. 6) is discharged. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

Dated October 29, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge